DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6557
    FAX: (415) 436-7234
    Eric.Cheng@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-0257 SI |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| NICOLE DUNLAP, | |
| Defendant. | |

On June 18, 2019, defendant Nicole Dunlap was charged by a superseding indictment with Conspiracy to Counterfeit Obligations of the United States in violation of 18 U.S.C. § 371, Passing and Possessing Counterfeit Obligations of the United States in violation of 18 U.S.C. § 472, Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2), Fraudulent Possession of Fifteen or More Counterfeit or Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(3), Fraudulent Possession of Device-Making Equipment in violation of 18 U.S.C. § 1029(a)(4), and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

This matter came before the Honorable Bernard Zimmerman on July 23, 2019, for status on detention. The government moved for detention, and the defendant waived on the issue of detention and with respect to findings on detention. At the defendant's request, this matter returned before the

Honorable Joseph C. Spero on September 10, 2019 for a detention hearing. At each of the hearings, the defendant was present and represented by Kathryn Ross, and Assistant United States Attorney Eric Cheng appeared for the government. Counsel submitted proffers and arguments regarding detention. The government moved for detention, submitting that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. The defendant opposed.

Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

As noted on the record, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community, including because the defendant's past conduct, criminal history, and record demonstrates that she is not amenable to community supervision, cannot follow court orders, and continues to commit further crimes while released. These findings are made without

prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 9/12/19

_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge